

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT EDWIN JACOBSEN, | § | Case No. 07-41092 |
| | § | (Chapter 7) |
| Debtor. | § | |

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the Motion to Reconsider Memorandum Opinion filed by Laurie Share. In her motion, Ms. Share requests that the Court reconsider the findings set forth in its Memorandum Opinion that she has acted in bad faith, attempted to defraud this Court, falsified documents presented to this Court, caused materially false pleadings to be filed with this Court, and abused the bankruptcy process in connection with an objection to a proposed sale of estate property. Since Ms. Share filed her reconsideration motion within the time for filing a motion under Federal Rule of Civil Procedure ("Rule") 59(e), *see* FED. R. BANKR. P. 9006(a), the Court will construe the motion as a request for relief under Rule 59(e), as adopted and applied to this case by Federal Rule of Bankruptcy Procedure 9023. *See, e.g., Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir. 1986) (en banc).

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Here,

1

Ms. Share has not identified any manifest error of law or presented any newly discovered evidence. Ms. Share argues, instead, that the Court manifestly erred as a matter of fact in finding that she objected to the proposed sale in bad faith.

Ms. Share's motion appears to be yet another attempt to convince the Court of her fabricated tales. In addition to the evidence of bad faith discussed in the Memorandum Opinion, the Court notes that the proposed sale of estate property to which Ms. Share objected could have paid in full the secured claim that allegedly had been assigned to her company. This payment would have been hugely profitable for Ms. Share, who paid only a nominal amount for an assignment of the secured claim. Yet Ms. Share objected to the proposed sale. Having reviewed her motion, the Court finds and concludes that Ms. Share has failed to establish grounds for relief under Rule 59(e).

**IT IS THEREFORE ORDERED** that the Motion to Reconsider Memorandum Opinion [Dkt. No. 490] filed by Laurie Share shall be, and it is hereby, **DENIED**.

Signed on 10/27/2009

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE