

11/09/2009

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

IN RE:

ROBERT EDWIN JACOBSEN,　　　　　　　CASE NO. 07-41092 BTR
　　　　　　　　　　　　　　　　　　　　[Chapter 7]
　　　　　Debtor.
_____/

## ORDER GRANTING AND SUSTAINING CREDITORS' OBJECTIONS TO DEBTOR'S CLAIMED EXEMPTIONS [DOCKET NO. 472]

On November 3, 2009, the Court conducted an evidentiary hearing on the Objections to Debtor's Claimed Exemptions [Docket No. 472] ("Objection") filed by John Sramek and Bernadette Sramek Individually and as Trustees of the John Sramek and Bernadette D. Sramek Living Revocable Trust ("Creditors") pursuant to Rules 4003 and 9014 of the Federal Bankruptcy Rules of Procedure and Section 522 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, "Bankruptcy Code"). John Sramek and Bernadette Sramek, individually and as Trustees of the John Sramek, Jr. and Bernadette D. Sramek Revocable Living Trust ("Creditors"), appeared by and through their attorney of record. Robert E. Jacobsen ("Debtor") appeared *pro se*. Having considered the Objection, any response of the Debtor thereto, the testimony and other evidence introduced and admitted at the hearing, the matters of record in this Chapter 7 case, the arguments and statements of Creditors' counsel and the Debtor on the record, and the Court being otherwise advised, the Court finds and concludes that the Court has jurisdiction over this matter under 28 U.S.C. § 1334, that it is a core proceeding under 28 U.S.C. § 157(b)(2)(B), and that the Objection should be sustained for the reasons stated by the Court at the conclusion of the hearing, with the Court reserving the right to make such additional findings

and conclusions not inconsistent with its ruling as it deems advisable. It is therefore ORDERED THAT:

1. The Objections to Debtor's Claimed Exemptions filed by Creditors is hereby sustained as hereinafter provided;

2. The Debtor did not claim any exemptions on his Bankruptcy Schedule C for certain property listed on his Bankruptcy Schedule B filed on June 25, 2007, and his Amended Bankruptcy Schedule B filed on May 12, 2008, including the 2001 BMW Z3 automobile listed on such Amended schedule B, and therefore any such scheduled property for which no exemption was claimed by the Debtor is not entitled to an exemption and is not exempt under Section 522 of the United States Bankruptcy Code in whole or in part; and

3. As of the May 25, 2007, petition date, the fair market value of the 2004 Lexus RX 330 automobile claimed as exempt on Debtor's Bankruptcy Schedule C was $23,000.00; and

4. The foregoing fair market value of the 2004 Lexus RX 330 automobile as of the May 25, 2007, petition date exceeds the allowable exemption provided by Section 522(d)(2) of the United States Bankruptcy Code and therefore such automobile is not exempt to the extent of such excess value.

Signed on 11/9/2009

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM OF**
**JOHN SRAMEK AND BERNADETTE SRAMEK – PAGE 2**