IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 07-41092-BTR |
| **ROBERT EDWIN JACOBSEN** | § | |
| | § | |
| xxx-xx-2723 | § | Chapter 7 |
| | § | |
| P.O. Box 1386 | § | |
| Lafayette, CA 94549 | § | |

**TRUSTEE'S MOTION TO VACATE ORDERS
ABANDONING REAL PROPERTY**

**NOTICE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Christopher Moser, Trustee ("Trustee"), files this, his Motion to Vacate Orders Abandoning Real Property, and would respectfully show the Court as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1.  Debtor Robert Edwin Jacobsen ("Jacobsen") commenced this action by filing a petition for relief under chapter13 of title 11 of the United States Code on May 25, 2007.

2. On June 25, 2007, Jacobsen filed his original schedules [Docket 16]. In his original Schedule A, Jacobsen listed three pieces of real property among his assets including 7804 Steppington Drive in Plano (the "Steppington Property").

3. In his original Schedule B, Jacobsen listed the claims in one lawsuit, REJ Properties, Inc. v. Mort, as the only asset under category 21, other contingent and unliquidated claims of every nature.

4. This Court ordered the case converted to a case under chapter 7 of title 11 of the United States Code on December 5, 2007 [Docket 86].

5. On March 13, 2008, Jacobsen filed amended schedules [Docket 116]. In his amended Schedule A, Jacobsen added seven additional pieces of real property including: 1318 Normandy Lane in Allen (the "Normandy Property"), 1309 Cassandra Lane in Allen (the "Cassandra Property"), and 1523 Streams Way in Allen (the "Streams Property").

6. In his amended schedule D, Jacobsen listed CitiMortgage, Inc. as the holder of a claim in the amount of $115,200.00, secured by the Steppington Property. Jacobsen listed this secured claim as undisputed, liquidated, and non-contingent.

7. In his amended schedule D, Jacobsen listed Chase Bank has the holder of a claim in the amount of $143,711.28, secured by the Normandy Property. Jacobsen listed this secured claim as undisputed, liquidated, and non-contingent.

8. In his amended schedule D, Jacobsen listed Aurora Loan Services as the holder of a claim in the amount of $126,333.12, secured by the Cassandra Property. Jacobsen listed this secured claim as undisputed, liquidated, and non-contingent.

9. In his amended schedule D, Jacobsen listed Countrywide as the holder of a claim in the amount of $159,245.00, secured by the Streams Property. Jacobsen listed this secured claim as undisputed, liquidated, and non-contingent.

10. In his amended Schedule B, Jacobsen added two claims against the Srameks to his assets under category 21, other contingent and unliquidated claims of every nature. Jacobsen did not list any claims related to any of his real property.

11. On November 3, 2008, the Court entered an Agreed Final Judgment in Adv. No. 07-04134 styled *Christopher Moser, Chapter 7 Trustee v. Robert Edwin Jacobsen and Alise Malikyar*. The Agreed Final Judgment, which was signed by both Defendants, states that the real property, including the Steppington, Normandy, Cassandra and Streams Way Properties have been equal or joint management community property since the date of inception or title and are, therefore, property of the bankruptcy estate.

12. On February 17, 2009, this Court entered its Agreed Order on Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 396], pursuant to which the Court immediately deemed abandoned the Steppington Property and the Cassandra Property, and deemed abandoned the Normandy Property as of March 8, 2009.

13. On June 2, 2009, this Court entered its Order on Emergency Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 443], pursuant to which the Court deemed abandoned the Streams Property.

14. On October 5, 2009, Jacobsen filed an action styled *Robert Jacobsen v. PrimeLending, a PlainsCapital Company, Aurora Loan Services*, Cause No. 380-03865-2009, in the 380th Judicial District Court of Collin County, relating to the Cassandra

Property (the "Cassandra Action"). Jacobsen filed the Cassandra Action shortly after a foreclosure sale of the Cassandra Property. In the Cassandra Action, Jacobsen sought a declaration that the liens on the Cassandra Property are void, voidable, and rescinded, and a declaration quieting title to the Cassandra Property in himself, among other relief.

15. PrimeLending had originated a loan secured by the Cassandra Property on or about January 4, 2007. Jacobsen alleged that PrimeLending had deleted a "good faith and fair dealing addendum" that Jacobsen's wife, Alise Malikyar ("Malikyar"), allegedly had attached to the note and deed of trust on the Cassandra Property before recording the documents, and further alleged that PrimeLending "fabricated" the note and deed of trust and that the signature on the recorded documents was not that of Malikyar.

16. In the Cassandra Action, Jacobsen further alleged that Aurora Loan Services, the loan servicer, failed to provide Malikyar certified copies of the original note and deed of trust on the Cassandra Property in January and February 2009, which allegedly frustrated Malikyar's attempt to refinance the Cassandra Property.

17. On October 27, 2009, Jacobsen filed an action styled *Robert Jacobsen v. PrimeLending, a PlainsCapital Company, Mortgage Electronic Registration Systems, Inc., CitiMortgage, and Aurora Loan Services*, Cause No. 380-04219-2009, in the 380th Judicial District Court of Collin County, relating to the Steppington Property (the "Steppington Action"). Jacobsen filed the Steppington Action to stop a foreclosure sale of the Steppington Property. In the Steppington Action, Jacobsen sought a declaration that the liens on the Steppington Property are void, voidable, and rescinded, and a declaration quieting title to the Steppington Property in himself, among other relief.

18. PrimeLending had originated two loans secured by the Steppington Property on or about May 14, 2004. Jacobsen alleged that PrimeLending had deleted a "good faith and fair dealing addendum" that Jacobsen allegedly had attached to the notes and deeds of trust on the Steppington before recording the documents, and further alleged that PrimeLending "fabricated" the notes and deeds of trust and that the signature on the recorded documents was not that of Jacobsen.

19. In the Steppington Action, Jacobsen further alleged that CitiMortgage and Aurora Loan Services, loan servicing companies on the loans, failed to provide Jacobsen certified copies of the notes and deeds of trusts in February 2009 and June 2009, which allegedly frustrated Jacobsen's attempt to refinance the Steppington Property through Starwood Mortgage.

20. Jacobsen sued Mortgage Electronic Registration Systems ("MERS") because it was named as the beneficiary under the deeds of trust.

21. On October 27, 2009, Jacobsen filed an action styled *Robert Jacobsen v. Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, Blue Star Financial, and Legacy Texas Title Company*, Cause No. 380-04220-2009, in the 380th Judicial District Court of Collin County, relating to the Streams Property (the "Streams Action"). Jacobsen filed the Streams Action to stop a foreclosure sale of the Streams Property. In the Streams Action, Jacobsen sought a declaration that the liens on the Streams Property are void, voidable, and rescinded, and a declaration quieting title to the Streams Property in himself, among other relief.

22. Blue Star Financial, Inc. ("Blue Star") had originated a loan secured by the Streams Property on December 1, 2005. Jacobsen alleged that Blue Star had deleted a "good faith and fair dealing addendum" that Malikyar allegedly had attached to the note and deed of trust on the Streams Property before recording the documents, and further alleged that Blue Star "fabricated" the note and deed of trust and that the signature on the recorded documents was not that of Malikyar.

23. In the Streams Action, Jacobsen further alleged that BAC Home Loans Servicing, LP ("BAC"), the loan servicing company on the loan, failed to provide Malikyar certified copies of the original note and deed of trust on the Streams Property, which allegedly frustrated Malikyar's attempt to refinance the Streams Property through Starwood Mortgage in April 2009.

24. Jacobsen sued MERS in the Streams Action because it was named as the beneficiary under the deed of trust. Jacobsen sued Legacy Texas Title Company because it handled the title and escrow for the original financing of the Streams Property.

25. On or about November 25, 2009, BAC and MERS removed the Streams Action to the United States District Court for the Eastern District of Texas, Sherman Division, where it is docketed as Case No. 4:09-CV-586, asserting federal subject matter jurisdiction under section 1452(a) of title 28 of the United States Code because Jacobsen's claims are related to this bankruptcy case.

26. On November 25, 2009, Jacobsen filed an action styled *Robert Jacobsen v. Mortgage Electronic Registration Systems, Inc., Guaranty Bank, Shelter Mortgage Company, LLC, and Chase Home Financial*, Cause No. 380-04736-2009, in the 380th Judicial District Court of Collin County, relating to the Normandy Property (the

"Normandy Action"). Jacobsen filed the Normandy Action to stop a foreclosure sale of the Normandy Property. In the Normandy Action, Jacobsen sought a declaration that the liens on the Normandy Property are void, voidable, and rescinded, and a declaration quieting title to the Normandy Property in himself, among other relief.

27. Shelter Mortgage Company, LLC ("Shelter") had originated a loan secured by the Normandy Property on November 30, 2005. Jacobsen alleged that Shelter was acting as the agent for Guaranty Bank ("Guaranty"), and that Shelter, Guaranty, or Hexter-Fair Title Company had deleted a "good faith and fair dealing addendum" that Malikyar allegedly had attached to the note and deed of trust on the Normandy Property before recording the documents, and further alleged that Guaranty "fabricated" the note and deed of trust and that the signature on the recorded documents was not that of Malikyar.

28. In the Normandy Action, Jacobsen further alleged that Chase Home Financial, the current owner and holder of the loan, failed to provide Malikyar certified copies of the original note and deed of trust on the Normandy Property, which allegedly frustrated Malikyar's attempt to refinance the Normandy Property through Starwood Mortgage in April 2009.

29. In December 2009, the Trustee became aware of the existence of the Cassandra Action, the Steppington Action, the Streams Action, and the Normandy Action.

30. At no time prior to the abandonments of any of the properties did Jacobsen disclose to the Trustee the existence of causes of action against the defendants in the Cassandra Action, the Steppington Action, the Streams Action, or the Normandy Action,

or that the liens on those properties were void, voidable, or rescinded. Nor did Jacobsen amend his schedules to disclose the existence of any such causes of action, or to disclose that the secured claims were contingent, disputed, or unliquidated.

31. If the Trustee had known of the existence of causes of action related to the properties and/or arising out of the pre-petition original financing of the properties, the Trustee would not have consented to the abandonment of the properties and would have attempted to liquidate or settle such causes of action.

32. The Trustee's position is that the causes of action in the Cassandra Action, the Steppington Action, the Streams Action, or the Normandy Action are or should be property of the estate and that the Trustee can settle such causes of action and thereby generate cash for the estate. Accordingly, the Trustee seeks an order vacating the orders abandoning the Cassandra Property, the Steppington Property, the Streams Property, and the Normandy Property.

## **ARGUMENTS AND AUTHORITIES**

33. Pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, the Trustee requests that the Court vacate the Court's Agreed Order on Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 396], and the Court's Order on Emergency Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 443].

34. Rule 60(b) sets forth six reasons that justify granting relief from a final judgment or order:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

35. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c); *United States v. Kellogg (In re West Texas Marketing Corp.)*, 12 F.3d 497, 503 (5th Cir. 1994). This motion is brought no more than one year after the entry of the earliest order abandoning property, and is therefore timely.

36. A federal court may and should set aside a judgment that has been procured by fraud, misrepresentation, or other misconduct. *Bankers Mortg. Co. v. U. S.*, 423 F.2d 73, 78-79 (5th Cir. 1970). Relief from a judgment will generally be awarded where the judgment was procured as the result of a calculated and premeditated conspiracy to defraud the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001); *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 130 (4th Cir. 2000).

37. In addition to the authority under Rule 60(b), the right and power to grant relief from a judgment or order obtained by fraud, misrepresentation, or other misconduct

of an adverse party are inherent in a federal court. Fed. R. Civ. P. Rule 60(b)(3). A bankruptcy court has the equitable power to "modify or vacate its order so long as no intervening right has become vested in reliance thereon." *Chinichian v. Campolongo (In re Chinichian),* 784 F.2d 1440, 1443 (9th Cir.1986).

38. Revoking an abandonment of estate property is appropriate where the trustee is given false or incomplete information about the asset by the debtor or where the debtor fails to list the asset altogether. *In re Gonzalez*, 302 B.R. 687, 691 (Bankr. C.D. Cal. 2003). In *Gonzalez*, the debtor scheduled her real property with a value equal to the value of a secured lien and the debtor's homestead exemption. 302 B.R. at 690. The debtor's attorney informed the trustee that the property's scheduled value was determined in a divorce proceeding. *Id.* The trustee filed a no asset report and the property was technically abandoned. *Id.* After learning that the debtor had grossly undervalued the property, the trustee moved to reopen the case and revoke the abandonment of the property. *Id.* The court held that the statements of the debtor and her counsel were misleading, lacked full disclosure, and precluded the trustee from fully investigating the value of the property, and revoked the abandonment. *Id.* at 693.

39. In another analogous case, the debtor scheduled an investment asset valued at one dollar, the trustee filed a no asset report and the case was closed. *In re Suplinskas*, 252 B.R. 293, 294 (Bankr. D. Conn. 2000). The debtor had received written notice of the class action and pending settlement, but failed to disclose that to the trustee. *Id.* The trustee subsequently learned that the debtor was a member of a plaintiff class arising from alleged fraud in connection with the investment, and was entitled to receive a settlement distribution. *Id.* The trustee moved to reopen the case in order to administer

the settlement proceed. *Id.* at 295. The court held that the cause of action was a separate asset from the investment asset and that the debtor's failure to schedule that asset, coupled with the debtor's failure to disclose the pending class action settlement, warranted reopening the case and determined that the settlement proceeds were an asset of the estate. *Id.* at 296.

40. Here, Jacobsen listed a lawsuit in his original Schedule B and listed additional causes of action in his amended Schedule B. Jacobsen filed his amended Schedule B at the same time he amended his Schedule A to include all of the real property at issue here. However, Jacobsen failed to disclose in his schedules the existence of claims against lenders and others relating to the Cassandra Property, the Steppington Property, the Streams Property, and the Normandy Property. Additionally, Jacobsen affirmatively represented that the secured claims secured by the Cassandra Property, the Steppington Property, the Streams Property, and the Normandy Property were all liquidated, undisputed, and non-contingent. Jacobsen further failed to disclose the existence of such claims to the Trustee prior to the entry of the abandonment orders, and failed to disclose to the Trustee that the liens on the properties were void, voidable, and/or rescinded.

41. The alleged misconduct on the part of the defendants in allegedly altering and "fabricating" documents occurred well before the petition date, and Jacobsen's asserted claims are property of the estate. The alleged failure to provide certified copies of documents occurred before the abandonment of the properties and arose out of the properties, and therefore any causes of action based thereon are also property of the estate.

42. The Trustee reasonably relied on the information provided by Jacobsen and determined that administration of the real property would not benefit the estate, which resulted in abandonment of the real property. If the Trustee had been aware of Jacobsen's claims, the Trustee would not have consented to the entry of orders abandoning the real properties.

43. Vacating the abandonment orders is appropriate because Jacobsen provided incomplete and misleading information regarding his real property assets and failed to schedule or otherwise disclose the existence of causes of action relating to such real property.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court grant this motion and enter an order vacating the Agreed Order on Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 396], and the Order on Emergency Motion to Require Chapter 7 Trustee to Abandon Real Property [Docket 443], and grant the Trustee such other and further relief as he may show himself justly entitled.

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   /s/Larry A. Levick
      Larry A. Levick
      State Bar No. 12252600

16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

ATTORNEYS FOR
CHRISTOPHER J. MOSER, TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on all parties listed on the attached service list via United States First Class Mail, postage prepaid on this 17th day of February, 2010.

                                              /s/Larry A. Levick
                                              Larry A. Levick

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 07-41092<br>Eastern District of Texas<br>Sherman<br>Wed Feb 17 11:20:38 CST 2010 | Ford Motor Credit Company LLC<br>P.O. Box 537901<br>Livonia, MI 48153-7901 | Damian W. Abreo<br>Baxter Schwartz & Shapiro, LLP<br>5450 NW Central<br>Suite 307<br>Houston, TX 77092-2063 |
| (p)ADVANTA<br>WELSH AND MCKEAN RD<br>P O BOX 844<br>SPRING HOUSE PA 19477-0844 | Kadra D. Alexander<br>Barrett Daffin Frappier Turner & Engel<br>15000 Surveyor Blvd.<br>Addison, TX 75001-4417 | Aurora Loan Services<br>10350 Park Meadows Drive<br>Littleton CO 80124-6800 |
| Aurora Loan Services<br>10350 Park Meadows Drive<br>Littlon, CO 80124-6800 | Aurora Loan Services<br>601 Fifth Ave.<br>Scottsbluff, NE 69361-3581 | Aurora Loan Services<br>P.O. Box 173930<br>Denver, CO 80217-3930 |
| B-Real, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Bank of America<br>PO Box 15026<br>Wilmington DE 19850-5026 | Bank of America/FIA Card Services formerly M<br>by eCAST Settlement Corporation<br>as its agent<br>POB 35480<br>Newark NJ 07193-0001 |
| Patti H. Bass<br>Bass & Associates<br>3936 E. Ft. Lowell Rd. Suite 200<br>Tucson, AZ 85712-1083 | Alane A. Becket<br>Becket & Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Bernadette Sramek<br>c/o Harold M Jaffee, Esq.<br>3521 Grand Avenue<br>Oakland CA 94610-2011 |
| Brian Davis, Esq.<br>203 Redwood Shores Parkway<br>Suite 480<br>Redwood Shores CA 94065-6100 | Mitchell J. Buchman<br>Barrett Daffin Frappier Turner & Engel<br>1900 St. James Place, Suite 500<br>Houston, TX 77056-4125 | CHASE BANK USA, NA.<br>PO BOX 15145<br>WILMINGTON, DE 19850-5145 |
| Carrington Mortgage Services, LLC<br>1601 East Saint Andrews Place<br>Irvine, CA 92705-4932 | Chase Bank USA, N.A<br>PO Box 15145<br>Wilmington, DE 19850-5145<br>k | Chase Card Services<br>PO Box 94014<br>Palatine IL 60094-4014 |
| Charles R. Chesnutt<br>Underwood, Perkins & Ralston, P.C.<br>Two Lincoln Centre, Suite 1900<br>5420 LBJ Freeway<br>Dallas, TX 75240-6222 | Citi Cards<br>PO Box 6000<br>The Lakes NV 89163-0001 | CitiMortgage, Inc.<br>c/o Joe Lozano<br>PO Box 829009<br>Dallas, TX 75382-9009 |
| (p)CITIMORTGAGE<br>5280 CORPORATE DRIVE<br>BANKRUPTCY DEPARTMENT<br>ATTENTION MC0023<br>FREDERICK MD<br>21703-8351 | Lisa L. Cockrell<br>Codilis & Stawiarski, PC<br>650 N. Sam Houston Parkway East<br>Ste. 450<br>Houston, TX 77060-5908 | Ginger Colville<br>Bassel & Wilcox<br>P.O. Box 11509<br>Fort Worth, TX 76110-0509 |
| Cory Nichols<br>1920 Monument Blvd<br>Concord CA 94520-3800 | Janna L. Countryman<br>P. O. Box 941166<br>Plano, TX 75094-1166 | Michael Crane<br>6486 Bordeaux<br>Dallas, TX 75209-5776 |

| | | |
|---|---|---|
| Mary A. Daffin<br>Barrett Daffin Frappier Turner & Engel<br>1900 St. James Place<br>Suite 500<br>Houston, TX 77056-4125 | Brian R. Davis<br>Hayes Davis Bonino, et al<br>203 Redwood Shores Pkwy., Ste 480<br>Redwood Shores, CA 94065-6100 | Ford Motor Credit<br>P.O. Box 7172<br>Pasadena, CA 91109-7172 |
| Ford Motor Credit Company LLC<br>Bassel and Wilcox<br>P.O. Box 11509<br>Fort Worth, TX 76110-0509 | General Motors<br>Dept 9600<br>Carol Stream IL 60128-0001 | GreenPoint Mortgage Funding, Inc.<br>c/o BAC Home Loans Servicing, L.P.<br>2270 Lakeside Boulevard<br>Richardson, TX 75082-4304 |
| Greenpoint Mortgage Funding , Inc.<br>c/o Polk Prober & Raphael<br>P.O. Box 4365<br>Woodland Hills, CA 91365-4365 | Gabrielle A. Hamm<br>Singer Levick, P.C.<br>16200 Addison Road., Ste. 140<br>Addison, TX 75001-5376 | Harold M. Jaffe, Esq.<br>3521 Grand Avenue<br>Oakland, CA 94610-2011 |
| Hayes Davis Bonino Ellingson McLay & Scott, | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Robert Edwin Jacobsen<br>P.O. Box 1386<br>Lafayette, CA 94549-1386 |
| Jana Countryman<br>Chapter 13 Trustee<br>500 North Central Expressway<br>Suite 350<br>Plano TX 75074-6791 | John E. Johnson, Esq<br>Jameson and Dunagan, P.C.<br>3890 W. Northwest Highway, Suite 550<br>Dallas, TX 75220-8118 | John P. Lewis, Jr.<br>1412 Main Street, Suite 210<br>Dallas, TX 75202-4071 |
| John Sramek<br>c/o Harold M Jaffe, Esq.<br>3521 Grand Avenue<br>Oakland CA 94610-2011 | John Sramek/Bernadette Sramek<br>c/o John P. Lewis, Jr.<br>1412 Main Street, No. 210<br>Dallas, TX 75202-4071 | John E. Johnson<br>Jameson and Dunagan, P.C.<br>3890 W Northwest Highway, Suite 550<br>Dallas, TX 75220-8118 |
| Paul K. Kim<br>Barrett Daffin Frappier Turner & Engel<br>15000 Surveyor Blvd. Suite 100<br>Addison, TX 75001-4417 | Larry A. Levick<br>Singer & Levick, P.C.<br>16200 Addison Rd.<br>Suite 140<br>Addison, TX 75001-5376 | Joyce W. Lindauer<br>8140 Walnut Hill Lane<br>Suite 301<br>Dallas, TX 75231-4328 |
| Joe Lozano<br>Brice, Vander Linden & Wernick, PC<br>9441 LBJ Frwy., Ste. 350<br>Dallas, TX 75243-4652 | ALISE MALIKYAR<br>P.O. Box 1386<br>Lafayette, CA 94549-1386 | June A Mann<br>Mann & Stevens, P.C.<br>550 Westcott Street<br>Suite 560<br>Houston, TX 77007-9000 |
| Mick McLaughlin<br>Remax Accord<br>3390 Mt.Diablo Blvd.<br>Lafayette, CA 94549-4006 | Michael S. Margolf, Esq.<br>Moss Codilis, LLP<br>6560 Greenwood Plaza Blvd., Suite 550<br>Englewood, CO 80111-7104 | Christopher Moser<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201-3070 |
| Mr. Timothy E. Carlson<br>c/o J.E. Johnson<br>Jameson and Dunagan, P.C.<br>3890 W. Northwest Hwy., Ste. 550<br>Dallas TX 75220-8118 | Cole D. Patton<br>1255 West 15th Street<br>Suite 1060<br>Plano, TX 75075-4220 | Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk, VA 23541-1067 |

| | | |
|---|---|---|
| William P. Rossini<br>1201 Main Street<br>Suite 2470<br>Dallas, TX 75202-3902 | William Paul Rossini<br>Rossini, PLLC<br>1201 Main Street<br>Suite 2470<br>Dallas, TX 75202-3902 | Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 |
| Saxon Mortgage<br>1270 Northland Drive, Suite 200<br>Mendota Heights, MN 55120-1176 | Saxon Mortgage<br>4708 Mercantile Drive<br>Fort Worth, TX 76137-3605 | Saxon Mortgage Services Inc<br>PO Box 161489<br>Fort Worth TX 76161-1489 |
| James L. Schutza<br>7920 Beltline Road<br>Suite 650<br>Dallas, TX 75254-8115 | Laurie Share<br>44 Medway Road<br>San Anselmo, CA 94960-1853 | Peter Smart<br>Crain Caton & James, P.C.<br>1401 McKinney, Ste. 1700<br>Houston, TX 77010-1079 |
| South Shore Capital, Inc.<br>1817 Moreno Blvd.<br>Suite A<br>San Diego, CA 92110-3651 | John Sramek<br>c/o Harold Jaffe, Attorney<br>3521 Grand Avenue<br>Oakland, CA 94610-2011 | Mark Stromberg<br>Stromberg Stock<br>Two Lincoln Center<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240-6271 |
| Timothy Carlson CPA PC<br>c/o Malcom A King Esq.<br>1850 Mt Diablo Blvd<br>Suite 445<br>Walnut Creek CA 94596-4414 | Timothy D. Carlson, C.P.A.<br>a professional corporation<br>c/o Jameson and Dunagan, P.C.<br>3890 W. Northwest Hwy., Ste 550<br>Dallas TX 75220-8118 | Timothy E. Carlson, C.P.A., a professional c<br>ATTN: Law Office of Michael W. Perna<br>One Kaiser Plaza<br>Suite 750<br>Oakland, CA 94612-3611 |
| (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Toyota Motor Credit Corporation<br>3200 West Ray Rd.<br>Chandler, AZ 85226-2450 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United States Attorney's Office<br>110 North College Avenue<br>Suite 700<br>Tyler TX 75702-7237 | United States Trustee's Office<br>110 North College Avenue<br>Suite 300<br>Tyler TX 75702-7231 |
| WELLS FARGO BANK<br>P.O. BOX 53476<br>Phoenix, AZ 85072-3476 | WELLS FARGO OPERATION CENTER<br>LOAN SERVICING PAYMENT PROCESSING<br>7412 JEFFERSON BLVD NE<br>ALBUQERQUE, NM 87109-4336 | Wells Fargo Bank<br>Business Direct Division BK Dept<br>MAC S4101-050<br>P O Box 53476<br>Phoenix AZ 85072-3476 |
| Wells Fargo Bank NA<br>PO Box 4233<br>Portland OR 97208-4233 | Wells Fargo Business Line<br>PO Box 348750<br>Sacramento CA 95834-8750 | eCAST FOB Wells Fargo<br>PO Box 7247-6971<br>Philadelphia, PA 19170-0001 |
| eCAST FOB Wells Fargo<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Ste. 200<br>Tucson, AZ 85712-1083 | eCAST Settlement Corporation<br>POB 35480<br>Newark, NJ 07193-0001 | eCAST Settlement Corporation assignee of<br>Advanta Bank Corp<br>POB 35480<br>Newark NJ 07193-0001 |

eCAST Settlement Corporation assignee of
HSBC Bank Nevada NA / HSBC Card
Services III
POB 35480
Newark NJ 07193-0001

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Advanta Bank Corp
PO Box 8088
Philadelphia PA 19101-8088

CitiMortgage, Inc.
5280 Corporate Dr. Cash Processing MC025
Frederick, Maryland 21703

Internal Revenue Service
PO Box 21126
Philadelphia PA 19114

Toyota Motor Credit Corp.
19001 S. Western Avenue, WF21
PO box 2958
Torrance, CA 90509

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Aurora Loan Services

(u)Chase Home Finance LLC

(u)Charles Cone III


(u)Countrywide Home Loans Servicing, L.P.

(u)Countrywide Home Loans, Inc.

(d)John P Lewis Jr.
1412 Main Street, Suite 210
Dallas, TX 75202-4071


(d)John P. Lewis Jr.
1412 Main Street, Suite 210
Dallas, TX 75202-4071

(d)Joyce W. Lindauer
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231-4328

(d)Christopher Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201-3070


(d)Portfolio Recovery Associates, LLC.
POB 41067
NORFOLK VA 23541-1067

(u)WELLS FARGO BANK, N.A.,

(d)eCAST FOB Wells Fargo
P.O. Box 7247-6971
Philadelphia, PA 19170-0001


(d)eCAST Settlement Corporation
POB 35480
Newark NJ 07193-0001

End of Label Matrix
Mailable recipients    90
Bypassed recipients    13
Total                 103