Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549
925 890-8619
(Fax) 925 476-0220
rejacobsen@aol.com
Pro se

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

2010 APR 14 AM 10: 48

CLERK, U.S. BANKRUPTCY COURT

BY_____DEPUTY

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### SHERMAN DIVISION

| | |
|---|---|
| In re: § | Case No. 07-41092 |
| ROBERT EDWIN JACOBSEN § | |
| xxx-xx-2723 § | |
| P.O. Box 1386 § | |
| Lafayette, CA 94549 § | Chapter 7 |
| Debtor § | |
| § | |
| § | |

## MOTION TO RECONSIDER ORDER VACATING ORDERS TO ABANDON REAL PROPERTY (doc 633)

Robert Jacobsen files this Motion to Reconsider Order Vacating Orders to Abandon Real Property filed April 1, 2010.

This order should be vacated for the following reasons:

1. The abandonment of the houses located at 1309 Cassandra Lane, Allen, TX and 7804 Steppinton Drive, Plano, TX were abandoned over a year before the Trustee filed his Motion to Vacate Orders Abandoning Real Property. Such filings must be within one year. FRCP 60(b). Exhibit A is a copy of the Debtor's Objection to Trustee's Motion to Vacate Orders to Abandon Real

Property (less attachments). It is attached as it gives a good breakdown of dates when events happened.

2. The main issue the Trustee used to argue that the past orders should be vacated was that the Debtor had knowledge prior to abandonment, that the lenders were not going to produce a copy of the note as was requested by escrow on June, 26, 2009. The Debtor filed suit against all 4 lenders in October 2009. In the complaint the Debtor claims the existing lenders blocked efforts to refinance causing the loss of the new financing, in all cases. When the lenders refused to produce a certified copy of the original note, Jacobsen made the assumption the existing lenders may not be the actual holder of the note. There was also some concern that the note or deed of trust may have been altered after signing. Both in pleadings as well as in court, the Debtor denied he had any knowledge of the note or deed of trust having been altered prior to abandonment and had no knowledge the lenders were not going to produce a certified copy of the note when requested, prior to abandonment. The Trustee was put on the stand where he testified he had no proof that the Debtor had any knowledge that someone may have modified the note or deed of trust, prior to abandonment.

The Debtor, as of today, does not know if the note or deed of trust has been modified, so how could he have known before abandonment. Until the original note and deed of trust are inspected by a qualified document examiner, the truth won't be known. At this point the statements in the 4 complaints are simply allegations.

SUMMARY

The Debtor had no knowledge of any flaws in the note or deed of trust on the various properties prior to abandonment. The Trustee stated that he had no proof that the Debtor had any prior knowledge. The Debtor has no knowledge even today, that there is a problem with the note or deed of trust. The allegation in the complaints that states the lenders do not have the original note and/or deed of trust, or that the documents were altered, is just that, an allegation, not a fact. The court errored in making the determination that the Debtor did not inform the court of known defects in the note or deed of trust prior to abandonment. The law suits associated with each house each have 4 causes of action, all having to do with the existing lender's refusal to cooperate in the refinancing process. This refusal to cooperate happened long after the houses were abandoned by the court. The courts determination that the Debtor had prior knowledge of the alleged flaws in the note or deed of trust are not based in fact with supporting evidence that the problems with refinancing were discovered during the process of refinancing, long after the houses were abandoned.

WHEREFORE, Debtor requests of the court, for all the foregoing reasons, the ORDER VACATING ORDERS TO ABANDON REAL PROPERTY should be vacated.

Dated: April 13, 2010

Respectively submitted,

/s/

Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549
925 988-9890
Fax 407 209-2126

**MOTION TO RECONSIDER ORDER VACATING ORDERS TO ABANDON REAL PROPERTY (doc 633)**

rejacobsen@aol.com
Pro-se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2010, he served a true and correct copy of the foregoing **MOTION TO RECONSIDER ORDER VACATING ORDERS TO ABANDON REAL PROPERTY (doc 633)** was mailed by First Class United States mail, correct postage prepaid, upon the following parties:

_____  4/13/10
Osman Malikyar            date

**MOTION TO RECONSIDER ORDER VACATING ORDERS TO ABANDON REAL PROPERTY (doc 633)**

Label Matrix for local noticing
0540-4
Case 07-41092
Eastern District of Texas
Sherman
Fri Jan 29 14:11:34 CST 2010

Ford Motor Credit Company LLC
P.O. Box 537901
Livonia, MI 48153-7901

Damian W. Abreo
Baxter Schwartz & Shapiro, LLP
5450 NW Central
Suite 307
Houston, TX 77092-2063

(p)ADVANTA
WELSH AND MCKEAN RD
P O BOX 844
SPRING HOUSE PA 19477-0844

Kadra D. Alexander
Barrett Daffin Frappier Turner & Engel
15000 Surveyor Blvd.
Addison, TX 75001-4417

Aurora Loan Services
10350 Park Meadows Drive
Littleton CO 80124-6800

Aurora Loan Services
10350 Park Meadows Drive
Littlon, CO 80124-6800

Aurora Loan Services
601 Fifth Ave.
Scottsbluff, NE 69361-3581

Aurora Loan Services
P.O. Box 173930
Denver, CO 80217-3930

B-Real, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Bank of America
PO Box 15026
Wilmington DE 19850-5026

Bank of America/FIA Card Services formerly M
by eCAST Settlement Corporation
as its agent
POB 35480
Newark NJ 07193-0001

Patti H. Bass
Bass & Associates
3936 E. Ft. Lowell Rd. Suite 200
Tucson, AZ 85712-1083

Alane A. Becket
Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Bernadette Sramek
c/o Harold M Jaffee, Esq.
3521 Grand Avenue
Oakland CA 94610-2011

Brian Davis, Esq.
203 Redwood Shores Parkway
Suite 480
Redwood Shores CA 94065-6100

Mitchell J. Buchman
Barrett Daffin Frappier Turner & Engel
1900 St. James Place, Suite 500
Houston, TX 77056-4125

CHASE BANK USA, NA.
PO BOX 15145
WILMINGTON, DE 19850-5145

Carrington Mortgage Services, LLC
1601 East Saint Andrews Place
Irvine, CA 92705-4932

Chase Bank USA, N.A
PO Box 15145
Wilmington, DE  19850-5145
k

Chase Card Services
PO Box 94014
Palatine IL 60094-4014

Charles R. Chesnutt
Underwood, Perkins & Ralston, P.C.
Two Lincoln Centre, Suite 1900
5420 LBJ Freeway
Dallas, TX 75240-6222

Citi Cards
PO Box 6000
The Lakes NV 89163-0001

CitiMortgage, Inc.
c/o Joe Lozano
 PO Box 829009
Dallas, TX 75382-9009

(p)CITIMORTGAGE
5280 CORPORATE DRIVE
BANKRUPTCY DEPARTMENT
ATTENTION MC0023
FREDERICK MD
21703-8351

Lisa L. Cockrell
Codilis & Stawiarski, PC
650 N. Sam Houston Parkway East
Ste. 450
Houston, TX 77060-5908

Ginger Colville
Bassel & Wilcox
P.O. Box 11509
Fort Worth, TX 76110-0509

Cory Nichols
1920 Monument Blvd
Concord CA 94520-3800

Janna L. Countryman
P. O. Box 941166
Plano, TX 75094-1166

Michael Crane
6486 Bordeaux
Dallas, TX 75209-5776

| | | |
|---|---|---|
| Mary A. Daffin<br>Barrett Daffin Frappier Turner & Engel<br>1900 St. James Place<br>Suite 500<br>Houston, TX 77056-4125 | Brian R. Davis<br>Hayes Davis Bonino, et al<br>203 Redwood Shores Pkwy., Ste 480<br>Redwood Shores, CA 94065-6100 | Ford Motor Credit<br>P.O. Box 7172<br>Pasadena, CA 91109-7172 |
| Ford Motor Credit Company LLC<br>Bassel and Wilcox<br>P.O. Box 11509<br>Fort Worth, TX 76110-0509 | General Motors<br>Dept 9600<br>Carol Stream IL 60128-0001 | GreenPoint Mortgage Funding, Inc.<br>c/o BAC Home Loans Servicing, L.P.<br>2270 Lakeside Boulevard<br>Richardson, TX 75082-4304 |
| Greenpoint Mortgage Funding, Inc.<br>c/o Polk Prober & Raphael<br>P.O. Box 4365<br>Woodland Hills, CA 91365-4365 | Gabrielle A. Hamm<br>Singer Levick, P.C.<br>16200 Addison Road., Ste. 140<br>Addison, TX 75001-5376 | Harold M. Jaffe, Esq.<br>3521 Grand Avenue<br>Oakland, CA 94610-2011 |
| Hayes Davis Bonino Ellingson McLay & Scott, | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Robert Edwin Jacobsen<br>P.O. Box 1386<br>Lafayette, CA 94549-1386 |
| Jana Countryman<br>Chapter 13 Trustee<br>500 North Central Expressway<br>Suite 350<br>Plano TX 75074-6791 | John E. Johnson, Esq<br>Jameson and Dunagan, P.C.<br>3890 W. Northwest Highway, Suite 550<br>Dallas, TX 75220-8118 | John P. Lewis, Jr.<br>1412 Main Street, Suite 210<br>Dallas, TX 75202-4071 |
| John Sramek<br>c/o Harold M Jaffe, Esq.<br>3521 Grand Avenue<br>Oakland CA 94610-2011 | John Sramek/Bernadette Sramek<br>c/o John P. Lewis, Jr.<br>1412 Main Street, No. 210<br>Dallas, TX 75202-4071 | John E. Johnson<br>Jameson and Dunagan, P.C.<br>3890 W Northwest Highway, Suite 550<br>Dallas, TX 75220-8118 |
| Paul K. Kim<br>Barrett Daffin Frappier Turner & Engel<br>15000 Surveyor Blvd. Suite 100<br>Addison, TX 75001-4417 | Larry A. Levick<br>Singer & Levick, P.C.<br>16200 Addison Rd.<br>Suite 140<br>Addison, TX 75001-5376 | Joyce W. Lindauer<br>8140 Walnut Hill Lane<br>Suite 301<br>Dallas, TX 75231-4328 |
| Joe Lozano<br>Brice, Vander Linden & Wernick, PC<br>9441 LBJ Frwy., Ste. 350<br>Dallas, TX 75243-4652 | ALISE MALIKYAR<br>P.O. Box 1386<br>Lafayette, CA 94549-1386 | June A Mann<br>Mann & Stevens, P.C.<br>550 Westcott Street<br>Suite 560<br>Houston, TX 77007-9000 |
| Mick McLaughlin<br>Remax Accord<br>3390 Mt.Diablo Blvd.<br>Lafayette, CA 94549-4006 | Michael S. Margolf, Esq.<br>Moss Codilis, LLP<br>6560 Greenwood Plaza Blvd., Suite 550<br>Englewood, CO 80111-7104 | Christopher Moser<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201-3070 |
| Mr. Timothy E. Carlson<br>c/o J.E. Johnson<br>Jameson and Dunagan, P.C.<br>3890 W. Northwest Hwy., Ste. 550<br>Dallas TX 75220-8118 | Cole D. Patton<br>1255 West 15th Street<br>Suite 1060<br>Plano, TX 75075-4220 | Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk, VA 23541-1067 |

| | | |
|---|---|---|
| William P. Rossini<br>1201 Main Street<br>Suite 2470<br>Dallas, TX 75202-3902 | William Paul Rossini<br>Rossini, PLLC<br>1201 Main Street<br>Suite 2470<br>Dallas, TX 75202-3902 | Marcus Salitore<br>US Trustee Office<br>110 N. College Ave., Room 300<br>Tyler, TX 75702-7231 |
| Saxon Mortgage<br>1270 Northland Drive, Suite 200<br>Mendota Heights, MN 55120-1176 | Saxon Mortgage<br>4708 Mercantile Drive<br>Fort Worth, TX 76137-3605 | Saxon Mortgage Services Inc<br>PO Box 161489<br>Fort Worth TX 76161-1489 |
| James L. Schutza<br>7920 Beltline Road<br>Suite 650<br>Dallas, TX 75254-8115 | Laurie Share<br>44 Medway Road<br>San Anselmo, CA 94960-1853 | Peter Smart<br>Crain Caton & James, P.C.<br>1401 McKinney, Ste. 1700<br>Houston, TX 77010-1079 |
| South Shore Capital, Inc.<br>1817 Moreno Blvd.<br>Suite A<br>San Diego, CA 92110-3651 | John Sramek<br>c/o Harold Jaffe, Attorney<br>3521 Grand Avenue<br>Oakland, CA 94610-2011 | Mark Stromberg<br>Stromberg Stock<br>Two Lincoln Center<br>5420 LBJ Freeway, Suite 300<br>Dallas, TX 75240-6271 |
| Timothy Carlson CPA PC<br>c/o Malcom A King Esq.<br>1850 Mt Diablo Blvd<br>Suite 445<br>Walnut Creek CA 94596-4414 | Timothy D. Carlson, C.P.A.<br>a professional corporation<br>c/o Jameson and Dunagan, P.C.<br>3890 W. Northwest Hwy., Ste 550<br>Dallas TX 75220-8118 | Timothy E. Carlson, C.P.A., a professional c<br>ATTN: Law Office of Michael W. Perna<br>One Kaiser Plaza<br>Suite 750<br>Oakland, CA 94612-3611 |
| (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Toyota Motor Credit Corporation<br>3200 West Ray Rd.<br>Chandler, AZ 85226-2450 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United States Attorney's Office<br>110 North College Avenue<br>Suite 700<br>Tyler TX 75702-7237 | United States Trustee's Office<br>110 North College Avenue<br>Suite 300<br>Tyler TX 75702-7231 |
| WELLS FARGO BANK<br>P.O. BOX 53476<br>Phoenix, AZ 85072-3476 | WELLS FARGO OPERATION CENTER<br>LOAN SERVICING PAYMENT PROCESSING<br>7412 JEFFERSON BLVD NE<br>ALBUQERQUE, NM 87109-4336 | Wells Fargo Bank<br>Business Direct Division BK Dept<br>MAC S4101-050<br>P O Box 53476<br>Phoenix AZ 85072-3476 |
| Wells Fargo Bank NA<br>PO Box 4233<br>Portland OR 97208-4233 | Wells Fargo Business Line<br>PO Box 348750<br>Sacramento CA 95834-8750 | eCAST FOB Wells Fargo<br>PO Box 7247-6971<br>Philadelphia, PA 19170-0001 |
| eCAST FOB Wells Fargo<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Ste. 200<br>Tucson, AZ 85712-1083 | eCAST Settlement Corporation<br>POB 35480<br>Newark, NJ 07193-0001 | eCAST Settlement Corporation assignee of<br>Advanta Bank Corp<br>POB 35480<br>Newark NJ 07193-0001 |

eCAST Settlement Corporation assignee of
HSBC Bank Nevada NA / HSBC Card
Services III
POB 35480
Newark NJ 07193-0001

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Advanta Bank Corp
PO Box 8088
Philadelphia PA 19101-8088

CitiMortgage, Inc.
5280 Corporate Dr. Cash Processing MC025
Frederick, Maryland 21703

Internal Revenue Service
PO Box 21126
Philadelphia PA 19114

Toyota Motor Credit Corp.
19001 S. Western Avenue, WF21
PO box 2958
Torrance, CA 90509

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Aurora Loan Services

(u)Chase Home Finance LLC

(u)Charles Cone III

(u)Countrywide Home Loans Servicing, L.P.

(u)Countrywide Home Loans, Inc.

(d)John P Lewis Jr.
1412 Main Street, Suite 210
Dallas, TX 75202-4071

(d)John P. Lewis Jr.
1412 Main Street, Suite 210
Dallas, TX 75202-4071

(d)Joyce W. Lindauer
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231-4328

(d)Christopher Moser
2001 Bryan Street, Suite 1800
Dallas, TX 75201-3070

(d)Portfolio Recovery Associates, LLC.
POB 41067
NORFOLK VA 23541-1067

(u)WELLS FARGO BANK, N.A.,

(d)eCAST FOB Wells Fargo
P.O. Box 7247-6971
Philadelphia, PA 19170-0001

(d)eCAST Settlement Corporation
POB 35480
Newark NJ 07193-0001

End of Label Matrix
Mailable recipients    90
Bypassed recipients    13
Total                 103

Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549
925 890-8619
(Fax) 925 476-0220
rejacobsen@aol.com
Pro se

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 07-41092 |
| ROBERT EDWIN JACOBSEN | § | |
| xxx-xx-2723 | § | |
| P.O. Box 1386 | § | |
| Lafayette, CA 94549 | § | Chapter 7 |
|     Debtor | § | |
| | § | |
| | § | |

---

## DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO VACATE ORDERS TO ABANDON REAL PROPERTY

Robert Jacobsen files this Objection to the Trustee's motion to vacate orders to

abandon real property as follows:

**Facts:**

The Trustee has filed this motion to vacate claiming the Debtor had prior

knowledge that there were problems with the note and deed of trust.

Houses in question:

| | | |
|---|---|---|
| 1. | 7804 Steppington Dr, Plano, TX | Abandoned 2/17/09 |
| 2. | 1318 Normandy Lane, Allen, TX | Abandoned 3/8/09 |
| 3. | 1523 Streams Way, Allen, TX | Abandoned 6/1/09 |

DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO VACATE ORDERS TO ABANDON REAL PROPERTY

EXHIBIT A

4.  1309 Cassandra Lane, Allen, TX    Abandoned 2/17/09

## Time Line of Events

5/25/07    Debtor filed for chapter 13 bankruptcy protection.

12/5/07    Conversion of bankruptcy from Chapter 13 to Chapter 7.

1/1/08    The Trustee held the subject properties from just after conversion until they were abandoned. During that time the Trustee failed to make mortgage payments on all of the properties. By the time the properties were abandoned back to Debtor and his wife, the only way to save the properties was to refinance. Debtor and his wife did not have the money to bring current all back payments.

2/17/09    Steppington and Cassandra houses abandoned by court. See **EXHIBIT A**

3/8/09    Normandy house abandoned by court. See **EXHIBIT A**

March 2009: Debtor and his wife applied to refinance the houses with Starwood Mortgage.

4/27/09    Starwood Mortgage issued conditional loan approval. Loan approval letter called for the lender to deliver to escrow a certified copy of the note. See **EXHIBIT B**

6/1/09    Streams Way house abandoned by court. See **EXHIBIT C**

6/17/09    Alise Malikyar, Debor's wife, (**"Malikyar"**) mailed a letter to Aurora Loan Services requesting they send the certified copy of the note to the escrow holder, Commonwealth Land Title, Lisa Hart (**"Hart"**). See **EXHIBIT D**

6/24/09 Hart phones each lender on all houses to request the copy of the note. Hart sends an email to Debtor stating "I phoned all lenders for request of Notes and was told no." See **EXHIBIT E**

6/26/09 Hart sends faxes to each lender requesting they "Pls provide certified copy of note". See **EXHIBIT F**

The lenders all individually refused to provide the certified copy of the note. The new financing could not close. By the end of June this became apparent.

6/31/09 A complaint was filed on Streams, Normandy and Cassandra, but was later cancelled mostly due to improper jurisdiction. See **EXHIBIT G** for copy of complaint for Cassandra. (The remaining complaints are almost the same except for the house and the different lenders. The other complaints are not attached here to keep the size of this objection from getting very think, but are available upon the court's request.)

10/5/09 – 10/22/09 Debtor files suit against the lenders due to the new loan being lost due to the lender's negligence. In the process of doing research preparing for the suit, Debtor discovered that it appeared the recorded Deed of Trust had been altered in each case. Debtor and Malikyar are from California and are familiar with the doctrine of good faith and fair dealing. When Debtor and Malikyar found out Texas never adopted this doctrine, Debtor and Malikyar wrote the words on the bottom of the note, as well as deed of trust, or, attached it as an addendum. When the Deed of Trust was recorded it seemed to have disappeared.

All of Debtor's suits against the lenders are almost the same. The new lender, Starwood Mortgage, was the same lender on each loan and requested the certified copy of the note in each case, and in each case, the existing lender's refused.

## CONCLUSION: OBJECTION TO TRUSTEE'S MOTION

The Trustee tries to make a case that the Debtor should have shown on his schedules the loss of the new financing and/or the newly discovered problems with the way the Deed of Trust was recorded on the subject houses. Since the lender's refusal to produce a copy of the note was not realized until after the last attempt to request the copies of the note, June 26, 2009 and the court abandoned all the houses months before this, except the Streams Way house, which was June 1, 2009, the Debtor would have to have had the ability to see the future to predict this in order to put this information on his schedules or in fact have knowledge of this event prior to abandonment.

The fact that the words about the "doctrine of good faith and fair dealing" being left off the various Deed of Trusts was not discovered until after the houses were abandoned and long after the schedules were prepared. In paragraph 30 of the Trustee's motion he states the Debtor should have notified the Trustee of the claims that were stated in the lawsuits filed. Since the Debtor had no knowledge that the existing lenders were going to frustrate the Debtor's and Malikyar's attempt to refinance which led to the discovery of the altered Deed of Trusts, it therefore would have been impossible for the Debtor to notify the Trustee prior to the houses abandonment. The event had not happened yet.

The last sentence in the Trustee's motion states the Debtor was remiss by not informing the Trustee of this knowledge that the existing liens may be void. In Debtor's complaints he claims a cause of action of "Refusal of Tender" arguing the existing debts should be extinguished due to the lenders lack of cooperation in sending in the copy of the note. The knowledge that the lenders would frustrate the efforts to refinance was not known until long after the houses were abandoned by the court.

In each of the 4 complaints against the lenders, the Debtor has also requested the various lenders to produce the original note. This is not due to information Debtor had prior to abandonment, but was triggered by the questionable behavior of the various lenders involved. The loss of the financing is post abandonment as was any knowledge of refusal of tender, refusal to produce a copy of the note or altered Deeds of Trusts. The Trustee's motion is inappropriate. By reading over the complaints against the lenders he would have knowledge that this is a "post abandonment" issue.

WHEREFORE, Debtor requests of the court, for all the foregoing reasons, the Trustee's motion to vacate orders abandoning Real Property be denied. The Trustee's motion is a frivolous motion for which he knows all events happened post abandonment. Debtor requests the court consider sanctions for this motion.

Dated: March 5, 2010

Respectively submitted,

_____
Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549

DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO VACATE ORDERS TO ABANDON REAL PROPERTY