IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 07-41092-BTR |
| **ROBERT EDWIN JACOBSEN** | § § | |
| xxx-xx-2723 | § § | Chapter 7 |
| P.O. Box 1386 | § | |
| Lafayette, CA 94549 | § | |

**TRUSTEE'S RESPONSE AND OBJECTION TO DEBTOR'S MOTION
FOR CLARIFICATION TO ORDER OF ABANDONMENT FILED JUNE 24, 2009**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE

COMES NOW Christopher Moser, the duly appointed and acting Trustee in the above-referenced Chapter 7 case, and files this Response and Objection to Debtor's Motion for Clarification to Order of Abandonment Filed June 24, 2009, as follows:

## I.  INTRODUCTION AND BACKGROUND FACTS

Debtor Robert Jacobsen ("Debtor" or "Jacobsen") has filed the Motion for Clarification to Order of Abandonment Filed June 24, 2009 (the "Motion") for the purpose of obtaining assistance from the Bankruptcy Court to, ironically, oppose transfer to the Bankruptcy Court of yet another lawsuit filed by Jacobsen as a purported assignee for claims related to property owned by his wife, Alise Malikyar ("Malikyar"). This new lawsuit, which was originally filed by Jacobsen in July 2010 in the Superior Court of the State of California, County of Contra Costa and subsequently removed to the United States District Court for the Northern District of California (the "California Lawsuit"), asserts various claims against Defendant Bank of America Corporation ("BOA") related to the property located at 3617 Sailmaker Lane, Plano, Texas (the "Sailmaker Property"). A true and correct copy of the Complaint in the California Lawsuit is

attached hereto as **Exhibit A**, and is incorporated herein by reference. As is obvious from the Complaint, the California Lawsuit is but the latest in a long line of identical actions filed by Jacobsen against various lenders and servicers of mortgage loans on properties purchased in Texas. *See, e.g.,* Trustee's Motion to Vacate Orders Abandoning Real Property at Docket No. 590.

Significantly, while Jacobsen did not list the Sailmaker Property in his initial bankruptcy schedules, he eventually amended his schedules to list the Property and the lien encumbering it. *See* amended Schedules A and D at Docket No. 116. Moreover, in his amended Schedule D, Jacobsen listed Countrywide Home Loans as the holder of a claim in the amount of $133,880.84, secured by the Sailmaker Property. *See id.* Notably, Jacobsen did not designate this secured claim as disputed, contingent or unliquidated, and further failed to list any affirmative claims related to the Sailmaker Property or the referenced lien.

Accordingly, in reliance on the representations in Jacobsen's bankruptcy schedules, on or about June 3, 2009, the Trustee filed a Motion to Abandon property of the bankruptcy estate, specifically the property located at 15162 Snowshill Drive, Frisco, Texas, and the Sailmaker Property, pursuant to Section 554(a) of the Bankruptcy Code (the "Motion to Abandon"). *See* the Motion to Abandon at Docket No. 445. In the Motion to Abandon, the Trustee explicitly preserved the Bankruptcy Estate's interest in the rental income derived from the Sailmaker Property. *See id* at ¶ 5. On June 24, 2009, the Bankruptcy Court granted the Motion to Abandon and authorized the Trustee to abandon the Snowshill Property and the Sailmaker Property, but noted that "any rents associated with the Properties are not abandoned and remain property of the bankruptcy estate." *See* the Order of Abandonment at Docket No. 453. Further, and more

significantly, the Order of Abandonment does not abandon claims arising from or connected with the Sailmaker Property.

On or about July 29, 2010, Jacobsen filed the California Lawsuit alleging claims for negligence *per se*, breach of contract, breach of fiduciary duty, refusal of tender and wrongful foreclosure related to a purported failed refinance of a mortgage loan for the Sailmaker Property. *See* the California Lawsuit, Exhibit A.  Upon removing the California Lawsuit, Defendant BOA filed a Motion to Dismiss, or in the Alternative, Motion to Transfer ("Motion to Dismiss or Transfer") requesting dismissal of the California Lawsuit or transfer to the Bankruptcy Court in the interest of justice and for the convenience of the parties on the ground that the Bankruptcy Estate retained an interest in the rental income derived from the Sailmaker Property pursuant to the Order of Abandonment.

In response to the Motion to Dismiss or Transfer, Jacobsen filed the present Motion requesting that the language in the Order of Abandonment as to "rents" be revised to cut off or otherwise limit the Bankruptcy Estate's interest in any future rental income derived from the Snowshill Property and Sailmaker Property.  Since the Order of Abandonment contains clear, unambiguous language preserving the Bankruptcy Estate's interest in rental income derived from the Sailmaker Property, the Trustee objects to the Motion and requests that the Bankruptcy Court deny Jacobsen's requested relief.  Notably, on or about November 1, 2010, the U.S. District Court for the Northern District of California granted transfer of the California Lawsuit to the Bankruptcy Court.  *See* Order granting Motion to Dismiss or Transfer, attached hereto as **Exhibit B**, and incorporated herein by reference.  As a result, Jacobsen's reason for seeking revision of the Order of Abandonment is now moot.

However, since Jacobsen has put the clarity of the Order of Abandonment at issue, the Trustee requests that the Bankruptcy Court clarify the Order to expressly exclude the claims asserted in the California Lawsuit in connection with the Sailmaker Property, as these claims were not abandoned by the Order of Abandonment and remain part of the Bankruptcy Estate.

## II. ARGUMENT AND AUTHORITIES

### A. The Bankruptcy Court should deny Jacobsen's request to "clarify" the language in the Order of Abandonment as to rents, since the language is clear and unambiguous and does not require clarification.

The Trustee objects to Jacobsen's request to "clarify" the language in the Order of Abandonment as to "rents" because the language is clear and unambiguous, and does not require clarification. The Order of Abandonment was entered by the Bankruptcy Court pursuant to the Trustee's Motion to Abandon. The Motion to Abandon clearly indicates the Trustee's intent to maintain the Bankruptcy Estate's interest in rental income derived from the Sailmaker Property. *See* the Motion to Abandon at ¶ 5. Likewise, and as requested by the Trustee in the Motion to Abandon, the subsequent Order of Abandonment contains clear, unambiguous language preserving the Bankruptcy Estate's interest in the rents associated with the Sailmaker Property.

Considering the foregoing, the Trustee submits that the language in the Order of Abandonment regarding the Bankruptcy Estate's continuing interest in the rents associated with the Sailmaker property is unambiguous and does not need clarification. Accordingly, the Trustee objects to the Motion and requests that the Bankruptcy Court deny Jacobsen's requested relief.

**B. Since Jacobsen has put the clarity of the Order of Abandonment at issue, the Order of Abandonment should be clarified to expressly exclude the claims related to the Sailmaker Property, which were not abandoned by the Order of Abandonment and remain assets of the Bankruptcy Estate.**

Since Jacobsen has put the clarity of the Order of Abandonment at issue, the Trustee contends that the Bankruptcy Court should clarify the Order of Abandonment to expressly exclude the claims asserted in the California Lawsuit in connection with the Sailmaker Property, since any claims or causes of action related to the Sailmaker Property were not abandoned by the Order of Abandonment and remain part of the Bankruptcy Estate.

Significantly, the Bankruptcy Code requires that debtors "file . . . a schedule of assets and liabilities." 28 U.S.C. § 521(1). Section 521(1) "imposes upon bankruptcy debtors an express, affirmative duty to disclose all assets." *U.S. v. Johnston*, 267 B.R. 717, 722 (N.D. Tex. 2001) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)). In addition, Section 541 of the Bankruptcy Code identifies the property that makes up the bankruptcy estate, which includes: all interests of the debtor and the debtor's spouse in community property as of the commencement of the case which are under the sole, equal, or joint management control of the debtor; proceeds, product, offspring, rents or profits from property of the estate; and, any interest in property that the estate acquires after the commencement of the case. *See* 11 U.S.C. § 541(a)(2)(A), (6) and (7).

Pursuant to Section 541, Jacobsen had a clear duty to schedule not only the Sailmaker Property owned by his wife (which he did eventually list on his amended schedules), but to disclose the claims asserted in the California Lawsuit, which are premised on and related to the Sailmaker Property, on his bankruptcy schedules, as well as list the debt encumbering the Property as disputed, contingent or unliquidated, but for some reason he failed to do so.

Accordingly, the claims Jacobsen asserts in the California Lawsuit in connection with the Sailmaker Property are part of the Bankruptcy Estate. Indeed, the Bankruptcy Court reached a similar conclusion in its Order Vacating Orders Abandoning Real Property (*see* Docket No. 633), where the Bankruptcy Court, upon the Trustee's motion and evidence in the record, vacated the abandonment of properties regarding which Jacobsen, as an assignee for Malikyar, filed post-abandonment claims which Jacobsen had failed to schedule.

The Bankruptcy Court should reach a similar result here and clarify the Order of Abandonment to explicitly exclude any claims asserted in connection with the Sailmaker Property, including the claims at issue in the California Lawsuit. Such a finding is warranted because at no time prior to the abandonment of the Sailmaker Property did Jacobsen disclose to the Trustee the existence of any claims related to the Sailmaker Property, nor did he indicate that the lien on the Sailmaker Property was void, voidable, or rescinded. Further, Jacobsen failed to amend his schedules to disclose the existence of any causes of action related to the Sailmaker Property, or to disclose that the referenced lien was disputed, contingent and unliquidated. If the Trustee had known the existence of the claims related to the Sailmaker Property, he would not have moved to abandon the Property, but would have, instead, attempted to liquidate or settle the causes of action.

In light of the foregoing, the Trustee contends that the Order of Abandonment should be clarified to expressly exclude any claims or causes of action premised on or related to the Sailmaker Property, including the claims asserted by Jacobsen in the California Lawsuit, since any such claims or causes of action were not abandoned by the Order of Abandonment and remain part of the Bankruptcy Estate.

### III. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that the Court deny the Debtor's requested relief, and further prays that the Order of Abandonment be clarified to expressly exclude any claims related to or asserted in connection with the Sailmaker Property, as such claims were not abandoned by the Order of Abandonment and remain asserts of the Bankruptcy Estate. The Trustee further prays for such other and further relief to which he may show himself justly entitled.

> Respectfully submitted,
>
> SINGER & LEVICK, P.C.
>
> By:   /s/Larry A. Levick
>       Larry A. Levick
>       State Bar No. 12252600
>
> 16200 Addison Road, Suite 140
> Addison, Texas 75001
> Tel. (972) 380-5533
> Fax (972) 380-5748
>
> ATTORNEYS FOR
> CHRISTOPHER J. MOSER, TRUSTEE

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response and Objection has been served on all parties listed below via United States First Class Mail, postage prepaid on this 4th day of November, 2010.

Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549

>   /s/Larry A. Levick
>   Larry A. Levick